IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| EDWARD TINSMAN, et al., | : | |
| Plaintiffs, | : | Civil No. 13-2684 (RBK/JS) |
| v. | : | **OPINION** |
| QUARRY MARINE TRUST I, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Edward and Deborah Tinsman ("Plaintiffs") to remand this action to the Superior Court of New Jersey, Burlington County, and for costs pursuant to 28 U.S.C. §1447(c). Plaintiffs allege that Defendant Jay I. Lazerowitz improperly removed this matter late and without the consent of all the other defendants. Instead of opposing Plaintiffs' motion, Defendant "elected to withdraw his claim for removal" via a letter to the Court dated May 7, 2013. In the letter, Defendant Lazerowitz asks the Court to remand the matter but deny Plaintiffs' motion for costs, arguing that his reasons for removal were "entirely reasonable." Given that Plaintiffs and Defendant Lazerowitz both agree to the remand, Plaintiffs' motion is GRANTED IN PART and the matter will be remanded to the Superior Court of New Jersey, Burlington County. Because Defendant had an objectively reasonable basis for removal, however, the Court will decline to award costs under §1447(c).

## I. BACKGROUND

As the parties do not dispute that remand is appropriate, the Court need only address the facts necessary to evaluate Plaintiffs' motion for costs.

On February 20, 2013, Plaintiffs filed their Complaint in the Superior Court of New Jersey, Law Division, Burlington County. On March 5, 2013, Plaintiffs allege that copies of the Summons and Complaint were sent by regular mail to Defendant Lazerowitz and Franklin Credit. On March 28, 2013, counsel for Franklin Credit sought a 30 day extension to answer Plaintiffs' complaint. On April 26, 2013, Defendant Lazerowitz removed this matter to federal court. One week later, Plaintiffs filed the instant motion to remand, citing the untimeliness of removal and Lazerowitz's failure to obtain consent from the other defendants. In his "opposition," Defendant Lazerowitz supports the remand, but maintains that his initial removal was reasonable. (Doc. No. 4). Lazerowitz argues that he believed removal was timely because he filed within 30 days "of the execution of the Acknowledgement of service prepared by the plaintiff." He further argues that he was not required to obtain the consent of the other defendants because the case involves a federal question and was not removed on the basis of diversity.

Plaintiffs acknowledge that Defendant Lazerowitz's letter resolves the remand motion, but emphasize that his letter "does not resolve the issues concerning plaintiffs' right to attorney's fees and costs." (Doc. No. 5). Plaintiffs do not rebut Lazerowitz's argument regarding consent, but maintain that the removal was still untimely and cannot be defended under any interpretation of the statute. Plaintiffs also note that they unnecessarily incurred "considerable expense" in preparing and filing the remand motion. Accordingly, Plaintiffs reiterate their request for costs.

## II. LEGAL STANDARD

Plaintiffs seek "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) <u>only</u> where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." (emphasis added) <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). In determining whether to award fees, district courts should employ a balancing test, "recogniz[ing] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." <u>Id.</u> at 140.

## III. DISCUSSION

The Court will deny Plaintiffs' motion for costs. Defendant Lazerowitz filed an acknowledgement of service on April 1, 2013 in which he acknowledged "[r]eceipt of the summons, complaint, track assignment notice, and lawyer referral list" in the case. He filed the notice of removal on April 26, 2013. Lazerowitz now argues that he had an objectively reasonable basis for believing removal was timely based on the date of his acknowledgement of service. The statute clearly states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file notice of removal. 28 U.S.C. §1446(b). Thus, the date that Lazerowitz acknowledged service is immaterial if he indeed received the Summons and Complaint before that date. As an attorney, Lazerowitz should have taken greater care to heed the statute and not delayed the state court proceeding by untimely removing to federal court. Even given these considerations, however, the Court cannot

3

say that Lazerowitz lacked any objectively reasonable basis for seeking removal. Accordingly, Plaintiffs' motion for costs is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand and for costs is **GRANTED IN PART** and **DENIED IN PART**. The Court will remand this matter to the Superior Court of New Jersey, Burlington County, but deny Plaintiffs' motion for costs. An appropriate order shall issue today.

Dated: 5/13/2013

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge